**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**LAWRENCE F. LANDOR**                                   **CIVIL ACTION**

**VERSUS**                                               **NO. 07-9171**

**JOHN HOGUE, ET AL.**                                   **SECTION: "B"(1)**

## REPORT AND RECOMMENDATION

Plaintiff, Lawrence F. Landor, a state prisoner, filed this *pro se* and *in forma pauperis* complaint, pursuant to 42 U.S.C. § 1983, against John Hogue, an unidentified supervisor of the St. Tammany Parish public defender's office, Detective Brian Danigole, Deputy Cheryl Kapreilian, and Assistant District Attorney Jack Hofsledt.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>  (1) is frivolous, malicious, or fails to state a claim upon which relief
>  may be granted; or
>  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Broadly reading plaintiff's complaint,[1] the Court finds that the complaint should be dismissed as frivolous, for failing state a claim on which relief may be granted, and for seeking monetary damages against a defendant who is immune from such relief.[2]

In the instant case, plaintiff claims that, in May of 2007, he was wrongly convicted in state court of distribution of cocaine and that he is innocent of the charges.

To the extent that petitioner is seeking to challenge his criminal conviction, he may not do so in a federal civil rights action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] It unnecessary to hold a Spears hearing or to allow plaintiff an opportunity to amend his complaint because he has alleged his best case and the underlying defects in this case cannot be cured by an amendment. See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); see also Juarez v. Short, 84 Fed. App'x 420, 424 (5th Cir. 2003). Any amendment would be futile because plaintiff simply is not entitled to relief for the reasons set forth in this opinion.

immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994) (quotation marks omitted).[3]

To the extent that petitioner is seeking monetary damages, he fares no better for the following reasons.

As to the claim against Assistant District Attorney Jack Hofsledt, he is being sued based on his actions taken in prosecuting plaintiff in the state criminal proceedings. However, Hofsledt is protected by absolute prosecutorial immunity for such actions. "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993) (quotation marks omitted). Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently." Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987) (quotation marks omitted). Because plaintiff's

---

[3] The Court notes that it would be futile to convert the instant civil rights complaint into a *habeas corpus* petition. A state prisoner must exhaust available state court remedies before seeking *habeas corpus* relief pursuant to either § 2241 or § 2254. Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987); Howard v. Vedros, Civil Action No. 94-0426, 1994 WL 117781 (E.D. La. Mar. 25, 1994). A federal court may raise *sua sponte* the lack of exhaustion. Magouirk v. Phillips, 144 F.3d 348, 357 (5th Cir. 1998); see also Tigner v. Cockrell, 264 F.3d 521, 526 n.3 (5th Cir. 2001); Shute v. Texas, 117 F.3d 233, 237 (5th Cir. 1997). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988). On December 4, 2007, a staff member of this Court confirmed with the Clerk of the Louisiana Supreme Court that plaintiff has filed no applications with that court. Accordingly, he has not met the exhaustion requirement required for federal *habeas corpus* relief.

Of course, plaintiff is not precluded from filing a timely application for federal *habeas corpus* relief in the future once he has exhausted his state court remedies.

claims against Hofsledt in his individual capacity relate to his actions taken in prosecuting the criminal charges, he is protected by absolute immunity.[4]

Plaintiff has also sued John Hogue, who was plaintiff's indigent defender in his state criminal proceedings, and Hogue's unidentified supervisor. Those claims also fail.

For plaintiff's claims against Hogue to be cognizable pursuant to 42 U.S.C. § 1983, Hogue must have acted under color of state law. See, e.g., Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989) ("A claim for relief under 42 U.S.C. § 1983 must contain two elements: 1) that [the plaintiff

---

[4] To the extent that plaintiff may have intended to name Hofsledt in his official capacity, that claim fails for two reasons.

First, plaintiff he has failed to state an official-capacity claim. The United States Fifth Circuit Court of Appeals has noted:

> For purposes of "official capacity" suits under § 1983, the district attorney's office resembles other local government entities. Therefore, we advert to the Supreme Court's development of principles for determining whether a municipality or other local government entity should be held liable under 42 U.S.C. § 1983 for the constitutional tort of its employee.

Burge v. Parish of St. Tammany, 187 F.3d 452, 470 (5th Cir. 1999). The Fifth Circuit has further held:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official copy or custom.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). In the instant case, plaintiff does not allege that his purported injury was in any way related to an official policy or custom.

Second, in any event, even if plaintiff had properly stated an official-capacity claim, *which he has not*, that claim would be barred by Heck v. Humphrey, 512 U.S. 477 (1994), for the reasons discussed later in this opinion.

has] been deprived of a right secured by the Constitution or laws of the United States; and 2) that the defendant acted under color of state law."). An indigent defender is not acting under color of state law when serving as defense counsel. Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Therefore, plaintiff has failed to state a cognizable § 1983 claim against Hogue.

The claim against Hogue's unidentified supervisor is likewise meritless for two reasons. First, like Hogue, the supervisor is not a state actor and, therefore, cannot be held liable under § 1983. Second, in any event, a supervisory official cannot be held liable under § 1983 for the actions of his subordinates under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability.").

Plaintiff's claims against the remaining defendants regarding his arrest, prosecution, and/or imprisonment[5] are barred by Heck v. Humphrey, 512 U.S. 477 (1994), because his criminal conviction has not yet been invalidated. In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or

---

[5] Plaintiff makes no allegations in the complaint regarding the remaining defendants, Detective Brian Danigole and Deputy Cheryl Kapreilian. However, in that they are law enforcement officers and plaintiff's complaint concerns his contention that he is innocent and has been wrongly convicted, the Court assumes that the claims against Danigole and Kapreilian are ones for false arrest, false imprisonment, and/or malicious prosecution.

>   called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted). Heck therefore bars claims for false arrest, false imprisonment, and malicious prosecution until such time as plaintiff obtains a favorable disposition on the underlying criminal charges. See Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995) (malicious prosecution and false arrest claims barred by Heck); Thompson v. City of Galveston, 979 F. Supp. 504, 507 (S.D. Tex. 1997) (malicious prosecution, false arrest, and false imprisonment claims barred by Heck), aff'd, 158 F.3d 583 (5th Cir. 1998); see also Vicknair v. St. John the Baptist Parish, Civil Action No. 97-3690, 1998 WL 104669, at *4 (E.D. La. Mar. 5, 1998) (Wilkinson, M.J.) (adopted by Clement, J., on Apr. 9, 1998) (same).[6] Claims barred by Heck are legally frivolous. See Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996); see also Anderson v. Galveston County District Clerk, 91 Fed. App'x 925 (5th Cir. 2004); Kingery v. Hale, 73 Fed. App'x 755 (5th Cir. 2003).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against Assistant District Attorney Jack Hofsledt be **DISMISSED WITH PREJUDICE** as frivolous, for failing state a claim on which

---

[6] That assumes, of course, that plaintiff could even state a claim for malicious prosecution, an assumption in grave doubt in light of the United States Fifth Circuit Court of Appeals' determination that there is no "freestanding constitutional right to be free from malicious prosecution." Castellano v. Fragozo, 352 F.3d 939, 945 (5th Cir. 2003).

relief may be granted, and for seeking monetary damages against a defendant who is immune from such relief.

It is **FURTHER RECOMMENDED** that plaintiff's claims against John Hogue and the unidentified supervisor of the St. Tammany Parish public defender's office be **DISMISSED WITH PREJUDICE** as frivolous and for failing state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's claims against Detective Brian Danigole and Deputy Cheryl Kapreilian be **DISMISSED WITH PREJUDICE** to their being asserted again until the Heck conditions are met.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fifth day of December, 2007.

 _____
 **SALLY SHUSHAN**
 **UNITED STATES MAGISTRATE JUDGE**